THE STATE, WILLIAM ADAMS, PROSECUTOR, v. VINCENT W. NASH.

The existence in a city of a court, of whatever name, which has jurisdiction to try violations of the act concerning disorderly persons, excludes the right of justices of the peace to try such cases under the act of 1880. *Pamph. L., p.* 210.

On *certiorari.*

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *C. A. Marsh.*

For the defendant, *C. D. Ward.*

The opinion of the court was delivered by

REED, J.   The prosecutor was convicted by a justice of the peace, in the city of Plainfield, for a violation of one of the provisions of the act concerning disorderly persons.   The single question submitted is, whether a justice of the peace has jurisdiction under this act within the city of Plainfield.

The act relied upon as excluding him from entertaining such a proceeding is one passed in 1880.   *Rev. Sup., p.* 220. It enacts that in all cities in this state having police courts or police justices, or a recorder's court, all persons arrested for any violations of the provisions of an act entitled "An act concerning disorderly persons," *   *   * shall be taken for a hearing before such police court or police justice or such recorder's court, and that in such cities no justice of the peace shall have power to hear, try or determine such cases, any law, custom or usage to the contrary notwithstanding.

In the city of Plainfield there is no officer styled a police justice, nor a court styled a police court or recorder's court. There is a city judge who holds a court styled, by direction of the supplement to the charter of Plainfield (*Pamph. L.,* 1874, *p.* 304, § 7), the City Court of Plainfield.   The jurisdiction of this court is defined by the charter.   *Pamph. L.,* 1872, *p.* 1141, § 19.   This act provides that the city judge shall have all the powers in criminal matters that justices of the peace in and for the several counties in this state now have.

It is conceded that this court has the right to try any act of violation of the terms of the disorderly act.   It is con-

tended, however, that such right is not exclusive. The view is, that the class of cities in which the justice is excluded from entertaining such jurisdiction are those only which have police courts or police justices or recorders' courts *eo nomine.*

I do not so construe the act. A court, of whatever name, which has jurisdiction over the entire class of police regulations, is a police court within the meaning of the statute. On the contrary, a recorder's court, which had no police jurisdiction, would not be a police court, or such a court as the statute contemplates.

The statute, then, is applicable to the city of Plainfield.

It is also claimed that the statute is unconstitutional, because a part of its provisions are foreign to the object expressed in the title to the act.

The act is a supplement to the disorderly act. It provides that the justice shall not only be stripped of jurisdiction in the cities mentioned in cases arising under that act, but also under the act to define and suppress tramps.

If this was a proceeding under the latter act there would be force in the present contention. It is, however, a proceeding under the disorderly act, and the provisions of the statute concerning it are clearly within the title of the act.

The part of the statute dealing with the proceedings first named is a separable portion of the act, and if unconstitutional can be eliminated from the act without affecting the part relating to proceedings like the one under consideration.

Conviction reversed.